So Ordered.

Signed this 1 day of November, 2023.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

THOMAS SINGE,                                         Chapter 13
                                                      Case No. 23-60376-6-pgr
                           Debtor.
_____

APPEARANCES:

ORVILLE & MCDONALD LAW, P.C.                          PETER ALAN ORVILLE, ESQ.
*Attorneys for Debtor*
30 Riverside Drive
Binghamton, NY 13905

BARCLAY DAMON, LLP                                    JEFFREY A. DOVE, ESQ.
*Attorneys for Bates Troy, Inc.*                      BETH ANN BIVONA, ESQ.
125 East Jefferson Street
Syracuse, NY 13202

**MEMORANDUM-DECISION AND ORDER**
**GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

Presently pending before the Court is Bates Troy, Inc.'s motion for limited relief from the automatic stay pursuant to 11 U.S.C. § 362 (a)(1). (Docket No. 20). The Debtor opposes the motion. (Docket No. 24).

1

This Court heard oral argument on September 26, 2023, in Utica, New York. Decision was reserved.

## JURISDICTION

The Court has core jurisdiction over the parties and the subject matter of this contested matter in accordance with 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

These facts appear to be undisputed: Since 2019, Thomas Singe (the "Debtor") and Bates Troy, Inc. have been opposing parties in two (2) lawsuits pending in the New York State Supreme Court, Broome County (the "State Court Actions"). The first action, in which Bates Troy is the plaintiff and the Debtor is a defendant, alleges diversion and embezzlement, theft and conversion, unjust enrichment, negligence, and breach of fiduciary duty and loyalty, and seeks punitive damages and return/forfeiture of company stock. The second action, in which the Debtor is a plaintiff and Bates Troy is a defendant, claims defamation, breach of a shareholder agreement, estoppel, slander, and libel.

A bench trial of the State Court Actions was held between May 16 and May 25, 2023, before the Honorable Joseph A. McBride, Justice of the New York State Supreme Court in and for Broome County. At the conclusion of the trial, counsel submitted proposed findings of fact and conclusions of law. On May 30, 2023, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. (Docket No. 1). As of the date of the bankruptcy filing, Justic McBride had not rendered a decision.

## DISCUSSION

Section 362 of the Bankruptcy Code provides, in pertinent part, that the filing of a petition for bankruptcy relief "operates as a stay, applicable to all entities," of the commencement or continuation of judicial proceedings against the debtor. *See* 11 U.S.C. § 362 (a)(1). Upon motion by a party in interest, and after notice and a hearing, the bankruptcy court may grant relief from the stay "for cause." *See* 11 U.S.C. § 362 (d)(1).

"Neither the statute nor the legislative history defines the term 'for cause' and the legislative history gives only very general guidance." *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990). As such, "the 'facts of each request will determine whether relief is appropriate under the circumstances.'" *Id.* at 1286 (quoting H.R.Rep. No. 95–595, at 343–44 (1977), reprinted in 1978 U.S.C.C.A.N. 6300).

The question presented here is whether "cause" exists to lift the stay and permit the State Court Actions to continue, with the expectation that Justice McBride will make findings of fact and conclusions of law and enter judgment.[1]

In *In re Sonnax*, the Second Circuit recognized the following factors (the "*Sonnax* factors") as relevant to deciding whether to allow litigation involving the debtor to proceed in an alternate forum:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and

---

[1] Bates Troy requests limited stay relief; it seeks to obtain a judgment in State Court and agrees that any effort to enforce the judgment would remain stayed.

3

the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286.

"Not all of these factors will be relevant in every case," but they guide the court's analysis. *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999).

This Court finds that Factors 1, 2, 4, 7, 10, 11, and 12 weigh in favor of granting limited relief from the stay. Factors 3, 5, 6, 8, and 9 either do not apply or do not weigh materially for or against granting relief.

**Factor 1: Whether Relief would Result in Partial or Complete Resolution of the Issues.**

Continuation of the State Court Actions will resolve the claims raised therein, determine the amount (if any) owed to the Debtor by Bates Troy, and liquidate the claim(s) (if any) Bates Troy has against the Debtor.

As the Debtor points out, there will likely be issues for this Court to determine after the State Court Actions are completed (*e.g.,* if Bates Troy is found to have a claim(s), this Court will need to decide whether such claim(s) is/are dischargeable in bankruptcy).

However, relief from the stay will result in at least a partial resolution of the issues between these parties by determining liability and liquidating damages.

This weighs in favor of granting relief. *See, e.g., In re MatlinPatterson Glob. Opportunities Partners II L.P.*, No. 21-11255 (DSJ), 2022 WL 17744002, at *9 (Bankr. S.D.N.Y. Dec. 16, 2022)(finding that "partial relief from the stay to allow the continuation of certain now-pending motion practice would permit the resolution of discrete issues in a way that could be efficient, relatively prompt, and fair to the parties in interest"); *In re Morris*, No. 10-60113, 2010 WL

2197717, at *3 (Bankr. N.D.N.Y. May 27, 2010)("[T]he State Court Action will fix liability and the amount of the debt in question.").

**Factor 2: Lack of Any Connection or Interference with the Bankruptcy Case**

The Debtor is a pivotal player in this bankruptcy and in the State Court Actions. As such, resolution of the claims between the Debtor and Bates Troy is clearly "connected" to this case.

However, allowing the State Court Actions to proceed to judgment will not interfere with the bankruptcy. To the contrary, liquidating the claims in an efficient, expedited manner will permit the parties to determine whether, and on what terms, a feasible plan of reorganization might be proposed. *See, e.g., In re Project Orange Assocs., LLC*, 432 B.R. 89, 107 (Bankr. S.D.N.Y. 2010)("Lifting the automatic stay will greatly assist this Court with the bankruptcy case, not interfere with it."); *In re David X. Manners Co. Inc.*, No. 15-51490 (JJT), 2018 WL 1997674, at *6 (Bankr. D. Conn. Apr. 26, 2018)("While Suit 1 is 'connected' to the bankruptcy case insomuch as the resolution of issues in the former affect certain determinations in the latter, relief here would by no means interfere with the bankruptcy case. Rather, the opposite appears more likely, where the progress of this case appears dependent upon and requires the resolution of the issues currently awaiting judgment in the state court.").

In addition, the parties have separate counsel in the State Court Actions, so there will be no diversion of attorney attention from this case.

The Debtor contends continuation of the State Court Actions will interfere with this Court's ability to determine dischargeability issues, as well as ownership over estate property (*i.e.*, shares of Bates Troy stock).

However, this Court retains jurisdiction over property of the estate and will, if necessary, proceed to a determination of dischargeability in the adversary proceeding already commenced by

5

Bates Troy. *In re Taub*, 413 B.R. 55, 63 (Bankr. E.D.N.Y. 2009)("Stay relief also does not pose a threat to preserving the value of property of the Debtor's … estate. This Court retains jurisdiction over property of the estate and is not abstaining from deciding the issues in the adversary proceeding commenced by the Debtor ….").

This factor favors granting relief.

**Factor 4: Whether a Specialized Tribunal with the Necessary Expertise has been Established**

The State Court is not, strictly speaking, a "specialized tribunal" with respect to the claims raised in the State Court Actions. However, the litigation has been pending before Justice McBride since 2019. Discovery, motion practice, court conferences, a multi-day trial, and post-trial briefing all occurred in the State Court. Under such circumstances, the "state court is patently the most efficient and appropriate place for the matter to conclude, especially considering its significant investment and the imminence of the formal entry of judgment." *David X. Manners*, 2018 WL 1997674, at *6; *see also Project Orange*, 432 B.R. at 109 ("The state court is the most efficient and appropriate place for that discovery to take place and the decision to be made, considering Justice DeJoseph's involvement in the various actions.").

Although not squarely applicable, this factor generally favors relief.

**Factor 7: Whether Litigation in Another Forum Prejudices the Interests of Other Creditors**

The Debtor's other creditors will not be prejudiced by a continuation of the State Court Actions. As discussed above, a determination of liability and liquidation of the parties' claims is a necessary precondition to ascertaining whether, and on what terms, a viable plan of reorganization might be proposed. The resolution of these questions in the forum where they have already been extensively litigated expedites the reorganization process. This benefits, rather than prejudices, other creditors. *See MatlinPatterson*, 2022 WL 17744002, at *10 ("To put it

6

colloquially, a lifting of the automatic stay limited to those two aspects of the Brazilian case can't hurt (at least not much) and might help the Chapter 11 case and MatlinPatterson's creditors, because Brazil's courts may resolve issues and narrow the issue that this Court otherwise would need to resolve.").

The Debtor raises the concern that the State Court Actions might result in forfeiture of his Bates Troy stock, thereby removing an estate asset that would otherwise be available for distribution to creditors. However, as noted above, this Court retains jurisdiction over estate property notwithstanding a decision granting limited relief from the stay. *See Taub*, 413 B.R. at 66 (finding that "stay relief may be granted to permit the matrimonial court to decide the issues before it, including the issue of equitable distribution, but only up to the entry of judgment. In that way, this Court would retain jurisdiction to enforce a judgment, and the priorities established by the Bankruptcy Code and the rights of other creditors can be protected."); *David X. Manners*, 2018 WL 1997674, at *6 ("Any risk to creditors here is addressed by limiting the scope of stay relief to allow the state court to determine the issues up to the entry of judgment, but not enforcement, so that the interests of creditors here are not harmed.").

Lastly, it is notable that no creditors opposed Bates Troy's motion and neither did the Chapter 13 Trustee. This factor weighs in favor of granting relief.

**Factor 10: Interests of Judicial Economy and Expeditious and Economical Resolution**

As noted above, the State Court Actions have been pending since 2019. Discovery, motion practice, court conferences, a multi-day trial, and post-trial briefing, which involved significant expenditure of time and resources, occurred before Justice McBride, who stands ready to issue findings of fact and conclusions of law. This strongly supports relief. *See In re Taub,* 438 B.R. 39, 49 (Bankr. E.D.N.Y. 2010) ("[I]t has been some five years since the Second Divorce Action

7

between the Debtor and Mr. Taub was commenced. The Supreme Court, Kings County is familiar with the history of the proceedings, and when this bankruptcy case was commenced, trial in the Second Divorce Action was on the threshold of commencing. But for the commencement of this bankruptcy case, it would be moving forward presently."); *In re Mildred Deli Grocery, Inc*., No. 18-10077 (MG), 2018 WL 1136017, at *4 (Bankr. S.D.N.Y. Feb. 28, 2018)("Importantly, the FLSA Litigation is close to completion, as the trial was initially scheduled for February 20, 2018, and all discovery and the majority of pre-trial motions have been completed."); *Musso v. Hirsch*, No. 08-CV-4532 CBA, 2011 WL 4543225, at *13 (E.D.N.Y. Sept. 29, 2011)("The Court agrees that it would be wasteful to relitigate completely issues that have already been tried. The tenth factor therefore strongly supports relief.").

**Factor 11: Whether the Parties are Ready for Trial in the Other Proceeding**

The parties to the State Court Actions are not merely ready for trial; the trial was completed. This factor strongly supports relief. *See David X. Manners*, 2018 WL 1997674, at *6 ("The state court is patently the most efficient and appropriate place for the matter to conclude, especially considering its significant investment and the imminence of the formal entry of judgment."); *Musso*, 2011 WL 4543225, at *13 ("The trial has … already occurred. All that must happen in order for the divorce proceeding to become final is that the Decision After Trial be reduced to judgment. Both parties have previously proposed judgments in state court, so this Court assumes that the parties would be ready to proceed in state court if relief is granted. Accordingly, this factor cuts in favor of granting the Trustee's motion.").

The Debtor argues that while the State Court Actions were tried before Justice McBride, the losing party(ies) will appeal any decision he issues, creating further delay in the administration of this case. However, appeals (and the delay attendant to such appeals)

8

are a possibility (and potential source of delay) whether this Court grants or denies relief, as any decision by this Court could likewise be appealed. *See Project Orange*, 432 B.R. at 107 ("Given Project Orange's litigation history, the Court presumes that the Debtor will appeal in whatever court system it loses, if that occurs. This Court … rejects the argument that the mere possibility of an appeal should affect the analysis.").

**Factor 12: Impact of the Stay on the Parties and the Balance of Harms**

Granting relief will allow for the expeditious and efficient resolution of claims pending between the parties for several years. It will also facilitate the progress of this bankruptcy, by liquidating claims that will shape whether and how a viable plan of reorganization can be formulated. Relief will be without prejudice to the rights the parties retain under the Bankruptcy Code with respect to estate property, claims administration, and/or dischargeability of debt.

In contrast, leaving the stay in place would force the parties to re-litigate facts and issues fully developed in the State Court Actions, potentially provide an unfair "second bite at the apple," and unduly delay administration of this case. This factor weighs in favor of relief. *David X. Manners*, 2018 WL 1997674, at *6 ("In weighing the impact of the stay on the parties and balancing the harms, the Court finds that the stay presently impedes the administration of this bankruptcy estate …. Any harms to the parties would be materially outweighed by the resolution of issues germane to the advancement of this case.").

## CONCLUSION

Bates Troy's Motion for Limited Relief from Stay (Docket No. 20) is GRANTED; the State Court Actions may proceed to the issuance of findings of fact and conclusions of law, along with entry, but not enforcement, of judgment thereon.[2]

###

---

[2] Bates Troy requested a waiver of the stay of order pursuant to Rule 4001 (a)(3) of the Federal Rules of Bankruptcy Procedure. That request is denied.